# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| CHATELAINE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-676** |
| | § | |
| TWIN MODAL, INC. and | § | |
| R&A CARRIERS, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Twin Modal, Inc.'s Motion to Dismiss Counts I-IV of Plaintiff's First Amended Complaint, filed May 27, 2010. After consideration of the motion, response, reply, briefs, record, and applicable law, the court **grants in part** and **denies in part** Defendant Twin Modal, Inc.'s Motion to Dismiss Counts I-IV of Plaintiff's First Amended Complaint in that it **dismisses** Counts II, III, and IV of the amended complaint.

## I.  Factual and Procedural Background

Chatelaine, Inc. ("Chatelaine" or "Plaintiff") filed Plaintiff's Original Petition against Defendant Twin Modal, Inc. ("Twin Modal") and Defendant R&A Carriers, Inc. ("R&A Carriers") on February 5, 2010, in the 298th Judicial District Court, Dallas County, Texas. Twin Modal and R&A Carriers removed the case to this court on April 7, 2010, contending that a federal question existed pursuant to 49 U.S.C. § 14706. Chatelaine amended its Original Petition on April 26, 2010, to add a claim under the Carmack Amendment and clarify its state law claims. *See* Plaintiff's First Amended Complaint (the "Complaint"). The Complaint alleges five causes of action: (I) breach of contract; (II) negligence; (III) violation of the Texas Deceptive Trade Practices Act ("TDTPA");

**Memorandum Opinion and Order – Page 1**

(IV) negligent hiring; and (V) a claim for the actual loss to the shipment under the Carmack Amendment. Chatelaine also seeks to recover its attorney's fees.

In its motion to dismiss, Twin Modal contends that Counts I, II, III, and IV of the Complaint should be dismissed for failure to state a claim upon which relief can be granted. It argues that these claims and the alleged entitlement to attorney's fees are preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. Plaintiff asserts that Twin Modal's motion to dismiss should be denied because Chatelaine's state law claims against Twin Modal are based upon Twin Modal's actions as a transportation broker, rather than a carrier, under the Carmack Amendment. Because the Carmack Amendment only applies to carriers, Plaintiff argues that its claims are not preempted. Twin Modal maintains that the Interstate Commerce Act nevertheless preempts all of Plaintiff's claims, except Count I, even if Twin Modal acted as a broker. Twin Modal further maintains that, as a carrier, the Carmack Amendment preempts all of Plaintiff's claims except Count V. Therefore, Twin Modal asserts that regardless of whether the court finds that Twin Modal acted as a broker or a carrier, Counts II, III, and IV should be dismissed.

The court sets forth the facts as alleged in the Complaint. This action arises from a shipment of over 1,000 cases of wine in interstate commerce from California to Texas. Chatelaine placed an order with Popcorn Wine Group for 618 cases of Chardonnay and 448 cases of Cabernet Sauvignon (collectively, the "Product"). Chatelaine then retained Twin Modal as a transportation broker, or alternatively as a carrier, to make the delivery. The Product needed to be delivered on time for a promotion starting on Monday, April 20, 2009. Chatelaine specified that time was of the essence in delivering the Product and instructed Twin Modal to "baby sit" the order. Twin Modal agreed to deliver the cases by Monday and hired R&A Carriers to carry the Product. Because Twin Modal

anticipated a rapid delivery, it elected not to use a refrigerated truck. The truck carrying the Product arrived two days late on Wednesday morning. The Product was destroyed by overexposure to heat during the delay.

Chatelaine alleges that Twin Modal's conduct, as a transportation broker, creates claims for: (I) breach of contract; (II) negligence; (III) violation of TDTPA; and (IV) negligent hiring. Alternatively, Chatelaine claims that Twin Modal violated the Carmack Amendment as a carrier by causing the Product to be damaged during transport. Plaintiff alleges that because its state law claims against Twin Modal are not preempted, Twin Modal's motion to dismiss must be denied.

## II. Standard for Rule 12(b)(6) – Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption

that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has

pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

**III.    Analysis**

    **A.    Twin Modal's Contentions**

Twin Modal seeks dismissal of Chatelaine's claims on the basis of federal preemption pursuant to two statutes: the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C.S. § 14706, and the Interstate Commerce Act governing motor carriers and brokers, 49 U.S.C.S. § 14501. Twin Modal argues that the Carmack Amendment preempts each of the state law claims—Counts I, II, III, and IV—if it is classified as a "carrier" within the meaning of the statute. Under the Carmack Amendment, state law claims against carriers are barred. Alternatively, Twin Modal argues that if it is classified as a "broker," all claims except that for breach of contract are barred by the Interstate Commerce Act. Plaintiff contends that Counts II, III, and IV, which are based on state statutory and common law, are not preempted by the Interstate Commerce Act governing transportation brokers or by the Carmack Amendment. The court will address each argument in turn.

    **B.    Federal Preemption under the Carmack Amendment**

The Carmack Amendment preempts state law claims against interstate motor carriers and provides the exclusive cause of action for loss or damages to goods arising from interstate transportation. *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 307 (5th Cir. 1993). It also preempts any common law remedy that increases a motor carrier's liability beyond "the actual loss or injury" to the property. *Morris v. Covan World Wide Moving*, 144 F.3d 377, 382 (5th Cir. 1998). Further, the Carmack Amendment preempts all state claims that seek to recover damages to, or for loss of,

goods during shipment, and for misdelivery or untimely delivery of goods. *See Sam L. Major Jewelers v. ABX, Inc.*, 117 F.3d 922, 926 (5th Cir. 1997) ("[V]ia the Carmack Amendment, Congress had totally preempted state regulation of liability of common carriers."). Under the Carmack Amendment, a "motor carrier" is a "person providing motor vehicle transportation for compensation." 49 U.S.C. § 13102(12).

On the face of the Complaint, it is clear Twin Modal did not act as a motor carrier. Based on the allegations, Twin Modal hired R&A Carriers to carry or transport the Product and merely arranged for such carrying or transport; Twin Modal did not provide transportation for the Product. At most, the Complaint alleges that Twin Modal only facilitated the delivery by hiring a carrier. Based on these allegations, the court determines that Twin Modal is not a carrier, and thus is not covered by the Carmack Amendment. As the Carmack Amendment does not apply, there can be no preemption under the Carmack Amendment for the state law claims of breach of contract, negligence, negligent hiring practices, and violation of the TDTPA.

### C. Federal Preemption under the Interstate Commerce Act

The Interstate Commerce Act provides that "a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . or any . . . broker, . . . with respect to the transportation of property." 49 U.S.C.S. § 14501(c)(1). A transportation "broker" is a person, "other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation." 49 U.S.C.S. § 13102(2).

Here, the court determines that Twin Modal is a broker because it hired R&A Carriers to actually transport the Product, while it only held itself out to arrange for transportation and facilitated the transaction between the buyer Chatelaine and the carrier. Twin Modal arranged for R&A Carriers to physically transfer the Product to its destination and, beyond being in communication with R&A Carriers's driver, had no connection to its actual transportation. As the court has determined that Twin Modal is a broker, it must now determine whether Plaintiff's state claims for negligence, negligent hiring, and violation of the TDTPA are preempted.

In a recent case involving an interstate delivery from Florida to Texas, a district court determined that breach of contract claims are not preempted by section 14501. *Huntington Operating Corp v. Sybonney Express, Inc.*, No. H-08-781, 2009 U.S. Dist. LEXIS 67561, at *1 (S.D. Tex. Aug. 3 2009). Plaintiff argues that the *Huntington* court's consideration of preemption under § 14501 is irrelevant because the section is titled "Federal authority over *intrastate* transportation," and this case is not about *intrastate* transportation issues. The court determines, however, that section 14501, titled, "Title 49 Transportation, Subtitle IV. Interstate Transportation," applies to both interstate and intrastate transportation and specifically mentions each in its language.

The *Huntington* court, in support of finding preemption of all state law claims except that of breach of contract, further explains that section 14501 closely parallels the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C. § 41713(b)(4)(A) and 49 U.S.C. § 41713(b)(4)(B)(I). *Id.* Courts have interpreted the preemptive scope of 49 U.S.C. § 14501(c) in accordance with case law addressing the ADA. *Id.* at *7 (collecting cases). This circuit has held that the ADA broadly preempts all state law claims except those for breach of contract. *Lyn-Lea Travel Corp. v. American Airlines*, 283 F.3d 282, 287 (5th Cir. 2002); *see Sam L. Major Jewelers*, 117 F.3d at 931 (holding

that claims for violation of TDTPA against an air carrier for loss of packages was preempted by the ADA). The Supreme Court held that the phrase "relating to rates, routes, or services" in the ADA was "deliberately expansive" and preempted any "[s]tate enforcement action having a connection with or reference to airline 'rates, routes, or services.'" *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992). The ADA does not preempt "state-law-based court adjudication of routine breach-of-contract claims" as long as there is "no enlargement or enhancement [of the contract] based on state laws or policies external to the agreement." *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 232-233 (1995). The terms and conditions between airlines and passengers are privately ordered obligations and therefore "do not amount to a State's 'enactment or enforcement [of] any law, rule, regulation, standard, or other provision having the force and effect of law.'" *Id.* at 230. The ADA was designed to promote "maximum reliance on competitive market forces, and "market efficiency requires effective means to enforce private agreements." *Id.* "The stability and efficiency of the market depend fundamentally on the enforcement of agreements freely made, based on needs perceived by the contracting parties at the time." *Id.* For these reasons, the Supreme Court exempted breach of contract claims from preemption.

Finding the *Huntington* court's analysis illustrative and persuasive, the court determines that the preemptive effect of the Interstate Commerce Act parallels that of the ADA. Likewise in this case, as in *Huntington*, there was a contractual agreement between two private parties. That agreement detailed the obligations of the parties concerning the transportation of goods and in no way implicated any state enforcement of law or regulation related to price, route, or service, as contemplated under the preemption statute. The Court's analysis is clear that such preemption is not to interfere with contractual obligations between two private parties. Accordingly, the court

determines that 49 U.S.C. § 14501 broadly preempts state law claims regulating interstate transportation of goods, and Chatelaine's state law claims other than breach of contract against Twin Modal are preempted under the Interstate Commerce Act. Counts II, III, and IV of the Complaint against Twin Modal are dismissed for failure to state a claim upon which relief can be granted.

### IV. Conclusion

For the reasons stated herein, the court **grants in part** and **denies in part** Defendant's Motion to Dismiss Counts I, II, III, and IV of Plaintiff's First Amended Complaint. The motion is **granted** to the extent that Counts II, III, and IV against Twin Modal are **dismissed with prejudice**. Defendant's Motion to Dismiss Counts I, II, III, and IV of Plaintiff's First Amended Complaint is **denied** in all other respects.

**It is so ordered** this 20th day of August, 2010.

Sam A. Lindsay
United States District Judge