IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHATELAINE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-676** |
| | § | |
| TWIN MODAL, INC. and | § | |
| R&A CARRIERS, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are 1) Plaintiff's Motion to Strike Twin Modal, Inc.'s Affirmative Defenses, or Alternatively, Motion for More Definite Statement, filed June 16, 2010; and 2) Plaintiff's Motion to Strike R&A Carriers, Inc.'s Affirmative Defenses, or Alternatively, Motion for More Definite Statement, filed July 1, 2010. After considering the motions, response, record, and applicable law, the court **denies** both motions.

### I.     Factual and Procedural Background

Chatelaine, Inc. ("Chatelaine" or "Plaintiff") filed Plaintiff's Original Petition against Defendant Twin Modal, Inc. ("Twin Modal") and Defendant R&A Carriers, Inc. ("R&A Carriers") (collectively, "Defendants") on February 5, 2010, in the 298th Judicial District Court, Dallas County, Texas. Defendants removed the case to this court on April 7, 2010, contending that a federal question existed pursuant to 49 U.S.C. § 14706. Chatelaine filed Plaintiff's First Amended Complaint ("Complaint") on April 26, 2010, to add a claim under the Carmack Amendment and clarify its state claims. The Complaint alleges five causes of action: (1) breach of contract; (2) negligence; (3) violation of the Texas Deceptive Trade Practices Act ("TDTPA"); (4) negligent

**Memorandum Opinion and Order – Page 1**

hiring; and (5) a claim for the actual loss to the shipment under the Carmack Amendment. On August 20, 2010, the court dismissed the claims against Twin Modal for negligence, TDTPA violation, and negligent hiring.

This action arises from a shipment of over 1,000 cases of wine in interstate commerce from California to Texas. Chatelaine placed an order with Popcorn Wine Group for 618 cases of Chardonnay and 448 cases of Cabernet Sauvignon (collectively the "Product"). Chatelaine subsequently retained Twin Modal as a transportation broker to make the delivery. The Product was to be delivered on time for a promotion starting on Monday, April 20, 2009. Chatelaine specified that time was of the essence in delivering the Product and instructed Twin Modal to "baby sit" the order. Twin Modal agreed to deliver the cases by Monday and hired R&A Carriers to carry the Product. Because Twin Modal anticipated a rapid delivery, it elected not to use a refrigerated truck. The truck carrying the Product arrived two days late on Wednesday morning. The Product was destroyed by overexposure to heat during the delay.

Plaintiff requests that the court strike Defendants' affirmative defenses or, alternatively, order Defendants to provide a more definite statement as to those affirmative defenses. Only Twin Modal filed a response in objection. Plaintiff argues that Defendants have pleaded their affirmative defenses as "bare bones legal conclusions" that do not comply with the requirements of the dismissal standard articulated by the Court in *Twombly*. Plaintiff further asserts that certain affirmative defenses Defendant raises are insufficient as a matter of law.

## II. Legal Standard – Motion to Strike

The court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). The court may act *sua sponte* or on motion

made by a party either before the party responds to the pleading if a response is allowed or within 21 days of being served if a response is not allowed. *Id.* "[S]uch deficiencies do not normally justify dismissal of the suit on the merits and without leave to amend, at least not in the absence of special circumstances." *Cates v. International Tel. & Tel. Corp.*, 756 F.2d 1161, 1180 (5th Cir. 1985). "Motions to strike alleged redundant, immaterial, impertinent or scandalous matter are not favored. Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." *Craig Funeral Home, Inc. v. State Farm Mut. Auto. Ins. Co.*, 254 F.2d 569, 572 (5th Cir. 1958) (Rives, J., concurring) (citation omitted).

**III.** **Analysis**

    **A.** **Twin Modal's Carmack Amendment Affirmative Defenses**

Twin Modal submitted affirmative defenses involving the Carmack Amendment. The court determined in its August 20, 2010 memorandum opinion and order that Twin Modal acted as a transportation broker, not a carrier, and that the Carmack Amendment is inapplicable to the claims against Twin Modal. Given the court's ruling, the Carmack Amendment is not implicated and any defenses to that claim are moot.

    **B.** **Defendants' Remaining Affirmative Defenses**

With respect to all of the remaining affirmative defenses asserted, the court determines that any facts supporting these contentions can and should be fleshed out through discovery. For example, Defendants assert that Chatelaine failed to reasonably mitigate its damages. This is something that would necessarily have to be further explored through the discovery process. Accordingly, the court will deny Plaintiff's motions to strike (or alternatively for more definite statements) pending the outcome of discovery. If Plaintiff believes, after adequate discovery, that

there is insufficient evidence to support the affirmative defenses asserted, it may renew its motion to strike.

## IV. Conclusion

For the reasons stated herein, the court **denies as moot** Plaintiff's Motion to Strike Twin Modal, Inc.'s Affirmative Defenses, or Alternatively, Motion for More Definite Statement as it applies to Twin Modal's Carmack Amendment defenses. In all other respects, the court **denies** the motion outright. The court further **denies** Plaintiff's Motion to Strike R&A Carriers, Inc.'s Affirmative Defenses, or Alternatively, Motion for More Definite Statement.

**It is so ordered** this 27th day of August, 2010.

Sam A. Lindsay
United States District Judge